## BASTABLE v. CARROLL.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

1. PARTNERSHIP—DISSOLUTION—NAME—SUBSEQUENT USE—ACTION—DEFENSE.

   Where plaintiff, after the dissolution of a firm previously existing between himself and defendant, sued to restrain defendant from using the firm name in a similar business, and based his right of action on the dissolution agreement, a separate defense alleging that such agreement was signed by defendant's attorney in fact, contrary to defendant's instructions, and was subsequently repudiated by defendant, was not demurrable.

2. SAME.

   Where, in an action on a partnership dissolution agreement, defendant claimed that the agreement was signed by his attorney in fact without authority, a special defense alleging that the attorney in fact was induced by plaintiff to sign the agreement by means of a sum of money paid to him by plaintiff was immaterial and demurrable.

638     101 NEW YORK SUPPLEMENT    (Sup. Ct.

and 135 New York State Reporter

3. SAME—COUNTERCLAIM—MATTERS AVAILABLE.

  In a suit by one of the members of a dissolved firm to restrain his ex-partner from using the firm name, an allegation in an answer that the plaintiff directed the postmaster to deliver all mail directed to the firm to himself, and that plaintiff had thereby obtained large quantities of mail belonging to defendant to his damage in the sum of $1,000, was not available either as a defense or a counterclaim.

Appeal from Special Term.

Action by Lawrence Bastable against William J. Carroll. From an interlocutory judgment overruling demurrers to certain defenses and counterclaims in defendant's answer, plaintiff appeals. Demurrer as to first separate defense overruled, and sustained as to the other two.

Argued before PATTERSON, INGRAHAM, CLARKE, SCOTT, and LAUGHLIN, JJ.

Dean Emery, for appellant.

Reid L. Carr, for respondent.

INGRAHAM, J. The complaint alleges that the parties to this action were copartners; that the partnership expired by limitation on the 1st day of August, 1905; that thereafter and on the 29th day of August, 1905, the parties entered into an agreement, a copy of which is annexed to the complaint. By that agreement the plaintiff released and relinquished all claim to the business, the entire rights, and titles to the goods, chattels, and property belonging to the firm. The defendant released the plaintiff from any and all obligations of the firm which were assumed by the defendant, in consideration of which the plaintiff received $2,500 in cash and $750 in notes. It is further alleged that after the firm was dissolved the defendant issued a circular announcing that the firm had been dissolved, and that he would continue the business at the same stand in his own name; that the defendant is now conducting a business similar to that conducted by the copartnership at the same address, and that the plaintiff is conducting a similar business under the name of Bastable & Co. within a short distance of the former place of business; that the defendant is wrongfully using the firm name of the former copartnership, and the plaintiff has demanded that he cease to use this firm name; and the complaint demands judgment that the defendant be enjoined from using the firm name, or the sign or signs of the old firm upon the premises now occupied by him, and for other relief.

The answer alleges three separate defenses. The first was that his attorney in fact entered into this agreement of dissolution annexed to the complaint; that said agreement was signed by said attorney contrary to the instructions of the defendant, both written and oral; that the plaintiff well knew said instructions as aforesaid, and of the authority of his attorney in fact, but accepted said agreement signed by said attorney in fact, knowing that said attorney had exceeded his authority; but that "as soon as the defendant was notified that said agreement had been signed in which the good will of the said business had not been reserved to him, in accordance with his instructions in this and other particulars and respects, he notified the plaintiff to that effect; that he repudiated the same, and has offered, and now offers and agrees,

to return, repay, replace and restore to plaintiff the consideration, if any, paid by reason of said agreement." This defense was demurred to by the plaintiff, but was overruled by the court. The plaintiff bases this cause of action upon this dissolution agreement, and in answer to such a cause of action the defendant had the right to allege that the agreement, which is alleged as a part of plaintiff's cause of action, was executed by his attorney without authority, and that the plaintiff knew of such lack of authority. If the plaintiff alleges the execution of an agreement between the parties as a part of his cause of action, certainly the defendant, as a defense to the action, has a right to allege that this agreement was never executed and was never binding upon him. This is the result of this separate defense. Just what difference the existence of the contract will have upon the relief, if any, to which the plaintiff will be entitled, we are not now called on to determine. When the plaintiff asks for relief based upon a written instrument, the defendant has a right to meet the allegations of the complaint by alleging facts from which the inference can be drawn that no such contract was ever executed. I think, therefore, that the demurrer to this defense was properly overruled.

As a second separate defense the answer alleges that the plaintiff, as a means of inducing the defendant's attorney to sign said agreement, contrary to the direction of the defendant and without authority, paid or caused to be paid to his attorney a sum of money, the amount of which being unknown to the defendant, but which he was informed and believed exceeded the sum of $1,000. This is pleaded as a separate defense, but it is entirely immaterial whether or not the plaintiff paid the attorney in fact of the defendant a sum of money. The learned trial court considered this allegation as justifying a rescission of the contract; but it is not pleaded for that purpose, and seems to have no relevance at all to the plaintiff's cause of action. The answer contains what is called a "further separate and distinct defense and counterclaim," which alleges that on the 20th day of October, 1905, the plaintiff, in writing, delivered to the postmaster of the city of New York an order to deliver all letters and mail matter directed to the firm to himself; that in pursuance of such directions the postmaster, without right or authority, caused to be delivered to the plaintiff many letters and large quantities of mail matter belonging to the defendant, to the damage of the defendant in the sum of $1,000. It is quite clear that this is neither good as a defense nor a counterclaim. Whether the agreement set up in the complaint is good or not, upon the dissolution of the firm one partner became as much entitled to the mail addressed to the firm as the other. The mere receipt by the plaintiff of letters addressed to the firm was not wrongful, and imposed no liability upon the plaintiff.

My conclusion is that the judgment appealed from should be reversed, the demurrer to the first separate defense overruled, and the demurrer to the second and third defenses sustained, without costs to either party in this court or in the court below; that the plaintiff should have leave to withdraw the demurrer as to the first separate defense; and that the defendant should have leave to serve an amended answer within 20 days. All concur.